## PALGROVE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 265.

Circuit Court of Appeals, Second Circuit.

March 6, 1933.

Harry Levine, of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and F. Edward Mitchell and John H. McEvers, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. M. Leinenkugel, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The only question in this case is whether the petitioner was affiliated with A. Klipstein & Co. We may ignore the other two parties to the affiliation. We regard the case as ruled by Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207. The change in the act of 1918 limits, rather than extends, affiliation. The original act (section 240 (b), 40 Stat. 1082) read "owned or controlled"; the Revenue Act of 1926, under which this case arises (section 240 (c), 26 USCA § 993 and note) uses only the word, "owned." It is plain that the "same interests" did not own 95 per cent. of both companies. August Klipstein, Jr., owned 98 per cent. of the petitioner and 25 per cent. of A. Klipstein & Co. The other three owners (we omit August Klipstein, Sr.'s, insignificant holding), also each owned 25 per cent. It is true that these three were members of the same family as August Klipstein, Jr., and we may assume that in practice they acted in concert with him, but they had neither beneficial nor legal ownership of any shares in the Palgrove Company, and it is this alone which counts.

The same result follows if we treat those shares transferred by Ernest G. Klipstein to August Klipstein, Jr., as in fact held for the benefit of A. Klipstein & Co. If so; the three other shareholders in Klipstein & Co. did indeed have an indirect interest in these Palgrove shares; but the statute does not contemplate such interests. Even though we might assume that the Klipstein Company could itself be regarded as a shareholder in the petitioner, the shareholders of the Klipstein Company were not for that reason to be treated as such shareholders. The statute sets a grosser, more legalistic, test, and the conditions were not fulfilled.

Order affirmed.